```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
DELOSANGELES E. HERNANDEZ JIMENEZ,        :
                    Plaintiff,            :
                                          :        07 Civ. 276 (DLC)
          -v-                             :
                                          :        OPINION AND ORDER
COMMISSIONER OF SOCIAL SECURITY,          :
                    Defendant.            :
                                          :
-----------------------------------------X
```

Appearances:

For Pro Se Plaintiff:
Delosangeles E. Hernandez Jimenez
180 Sunset Hill
Fall River, MA 02724

For Defendant Michael J. Astrue, Commissioner of Social Security:
Susan D. Baird
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

DENISE COTE, District Judge:

    Plaintiff Delosangeles E. Hernandez Jimenez ("Hernandez")[1] brings this action pro se pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her eligibility for Supplemental Security Income ("SSI") benefits as provided for under the

---

[1] At the hearing below, the plaintiff testified that she should be referred to as Ms. Hernandez.

Social Security Act (the "Act").  The Commissioner moves for
judgment on the pleadings on the ground that substantial
evidence of record supports the Commissioner's decision that
Hernandez failed to demonstrate that she was disabled within the
meaning of the Act during the period at issue.  Hernandez has
not submitted opposition to the Commissioner's motion.[2]  For the
reasons set forth below, the motion is granted.

BACKGROUND

The following facts are taken from the administrative
record and are undisputed.  Hernandez was born in Puerto Rico
and is currently 46 years-old.  Hernandez testified that she
completed the eighth-grade in Puerto Rico.  On July 12, 2001,
she filed an application for SSI benefits, listing human
immunodeficiency virus ("HIV"), depression, asthma, dizzy
spells, and nosebleeds as the conditions limiting her ability to
work.  Her application states that she became disabled as of
November 30, 1992, and that the listed conditions caused her to
experience a lack of concentration, fatigue, and joint pain.

---

[2] On September 19, 2007, a letter sent by Hernandez and written
in Spanish was received by the court.  This letter was returned
to her by the court's Pro Se Office, which instructed Hernandez
that all papers and correspondence must be written in English.
A copy of that letter was retained and translated, however, and
has been entered into the docket for this case.  To the extent
this letter can be read to raise arguments in opposition to the
motion, those arguments will be addressed below.

Her application further states that the only job she maintained in the last fifteen years was a housekeeping position at a hotel in 1998. At the time of her application, Hernandez resided in Florida; at the time the instant action was filed, she resided in the Bronx, New York; she currently resides in Massachusetts.

DISCUSSION

I. Standard of Review

In reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) ("Section 405(g)"). A determination of the ALJ may be set aside only if it is based upon legal error or is not supported by substantial evidence. Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Furthermore, if the findings of the Commissioner as to any fact are supported by substantial evidence, those findings are conclusive, Diaz v. Shalala, 59 F.3d 307, 312 (2d Cir.

1995); thus, the reviewing court does not decide the case <u>de novo</u>. <u>Halloran</u>, 362 F.3d at 31.

The Commissioner will find a claimant disabled under the Act if the claimant demonstrates the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant's impairment must be

> of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers in either the region where such individual lives, or in several regions of the country.

<u>Id.</u> § 423(d)(2)(A). The disability must be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." <u>Id.</u> § 423(d)(3).

The Commissioner uses a five-step process when making disability determinations. <u>See</u> 20 C.F.R. §§ 404.1520 & 416.920. The Second Circuit has described the process as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next

considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

Jasinski v. Barnhart, 341 F.3d 182, 183-84 (2d Cir. 2003) (citation omitted). A claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden in the final step. Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998).

In making an evaluation, an ALJ must "carefully consider the individual's statements about symptoms" along with all of the other evidence in the case record, and must make findings about the credibility of the claimant's statements. See Evaluations of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, Social Security Ruling 96-7p, 61 Fed. Reg. 34,483, 34,484 (July 2, 1996). "An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because

they are not substantiated by objective medical evidence." Id.
An ALJ will

> consider the following factors when evaluating a claimant's symptoms: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has received for relief of his pain or other symptoms; (5) treatment, other than medication, the claimant receives or has received for relief of his pain or other symptoms; (6) any measures the claimant uses or has used to relieve his pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3). Conclusory findings of a lack of credibility will not suffice; rather, an ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling 96-7p, 61 Fed. Reg. at 34,484.

A finding of credibility made by an ALJ is entitled to deference by a reviewing court. The ALJ, "after weighing objective medical evidence, the claimant's demeanor, and other indicia of credibility . . . may decide to discredit the claimant's subjective estimation of the degree of impairment." Tejada v. Apfel, 167 F.3d 770, 776 (2d Cir. 1999). As with any

6

finding of fact, "[i]f the Secretary's findings are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain." Perez v. Barnhart, 234 F. Supp. 2d 336, 341 (S.D.N.Y. 2002) (quoting Aponte v. Sec'y Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984)). Thus, a determination of credibility will only be set aside if it is not set forth "with sufficient specificity to enable [a reviewing court] to decide whether [it] is supported by substantial evidence." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984).

II. Evaluation of the ALJ's Decision

Hernandez's application was denied initially and on reconsideration. She then requested a hearing, which was held on September 7, 2005, before Administrative Law Judge ("ALJ") Edwin W. Tyler. On October 28, 2005, a written decision was issued by ALJ Robert N. Burdette finding that Hernandez was not eligible for SSI payments under the Act. On August 2, 2006, this decision became final when Hernandez's request for review was denied.

The ALJ's conclusions regarding each of the "five steps" identified in 20 C.F.R. § 416.920 and discussed in Jasinski, 341 at 183-84, were supported by substantial evidence. The ALJ first concluded that Hernandez was not engaged in any

substantial gainful activity, had not done so since the alleged onset of her disability, and that she suffered from asthma, HIV, hepatitis C, tendonitis, and depression that could be considered "severe" insofar as they "significantly limit[] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Hernandez presumably does not challenge these conclusions, which were in any event substantially supported by Hernandez's application, testimony, and the more than two-dozen medical evaluations in the record. The ALJ also concluded that, while her various conditions could be considered "severe," they did not, singly or in combination, constitute a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ considered the listings for respiratory, digestive, mental, and immune disorders, and found that the medical evaluations did not support a conclusion in Hernandez's favor on this point. This finding was supported by substantial evidence.

Having reached the above conclusions, the ALJ then reviewed the medical record to determine Hernandez's residual functional capacity and whether she could perform the requirements of either her past work or of other work that existed in significant numbers in the national economy. Based on a review of the medical evidence, the ALJ credited the conclusions reached by the state agency's medical consultants, and found that Hernandez could, <u>inter alia</u>, lift less than 10 pounds; sit

8

or stand for six hours in an eight-hour workday, and engage in "frequent" pushing and pulling with her upper extremities, "frequent" gross manipulations, and "frequent" handling bilaterally. The ALJ also found that Hernandez must avoid exposure to irritants such as dust, fumes, and chemicals, and that, in light of her depression and education level, could understand and remember only simple instructions and complete simple tasks. These findings were supported by substantial evidence in the record including, inter alia, the evaluations conducted by Dr. J.D. Perez on May 15, 2003 and, more recently, by Dr. Hiram A. Cuevas on June 15, 2005.

The ALJ also weighed Hernandez's testimony and subjective complaints against the medical evidence in order to determine the extent to which her symptoms affect her functional capacity. Based on a review of the relevant medical records, Hernandez's testimony and application, and the courses of treatment for her conditions, the ALJ determined that Hernandez's testimony regarding her limitations was not fully credible, specifically with regard to the severity of her asthma and the symptoms caused by her HIV. There is substantial evidence in the record to support these conclusions, and the ALJ's reasoning and evidentiary support was "sufficiently specific" to enable the required review. Ferraris, 728 F.2d at 587.

Based on these findings of residual capacity, the ALJ concluded that although Hernandez could not continue her past work as a hotel cleaner, there were a significant number of jobs in the national economy that she could perform. This conclusion was based upon the testimony of a vocational expert who identified production inspection and machine jobs that could accommodate her residual functional capacity, age, education level, and language skills and that were available in significant numbers nationally. The expert did testify that such jobs would not be available if Hernandez were limited to "occasional" rather than "frequent" movements and manipulations, but, as discussed above, the ALJ's review of the medial evidence did not find support for the former level of limitation. Thus, the ALJ's conclusions regarding available work were supported by substantial evidence.

After an evaluation of the record, as well as the Commissioner's arguments, this Court finds that the ALJ's decision, which is entitled to deferential review, is supported by substantial evidence. Because Hernandez has not opposed the Commissioner's motion for judgment on the pleadings, the Court reviewed the complaint with particular care to identify any specific flaws in the ALJ's decision of which Hernandez complains. Hernandez's complaint does not identify any particular deficiency, but rather simply states that the ALJ's

decision was "erroneous, not supported by substantial evidence, and/or contrary to law."  In her correspondence, received by the court on September 19, 2007, Hernandez did appear to argue that the combination of her various conditions should entitle her to disability benefits.  As discussed above, however, the ALJ considered the combined effect of Hernandez's conditions in determining both whether she suffered from a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1,[3] as well as what functional capacity she retained, and his findings on these points were supported by substantial evidence.

---

[3] "'For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment.'"  Brown v. Apfel, 174 F.3d 59, 64 (2d Cir. 1999) (quoting Sullivan v. Zebley, 493 U.S. 521, 531 (1990)); see also 20 C.F.R. § 416.926 (b)(3).  As discussed above, the ALJ considered several potential listed impairments, but did not find support in the medical record for the conclusion that Hernandez's conditions were "equivalent" to any of the relevant listed impairments.  Having reviewed 20 C.F.R. Part 404, Subpart P, Appendix 1; the record on appeal; and the ALJ's decision, the ALJ's conclusion on this point was supported by substantial evidence.

CONCLUSION

The Commissioner's motion for judgment on the pleadings is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         January 4, 2008

                                    /s/ Denise Cote
                                    _____
                                    DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Delosangeles Hernandez Jimenez	Susan D. Baird
180 Sunset Hill	Assistant U.S. Attorney
Fall River, MA 02724	86 Chambers Street
	New York, NY 10007